UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HAROLD DAVID YARITZ, | Case No. 23-CV-0452 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| INTERNAL REVENUE SERVICE;<br>MICHAEL GALLER, Dept Mgr Kansas City MO; METABANK, FISERV, Attn: RAPID, | |
| Defendants. | |

Plaintiff Harold Yaritz, a prisoner incarcerated at MCF-Faribault, brings this lawsuit claiming that he has not yet received a total of $1,800 in Economic Impact Payments ("EIPs") authorized under the Coronavirus Aid, Relief, and Economic Security Act, 26 U.S.C. § 6428, and the Consolidated Appropriations Act, 2021, 26 U.S.C. § 6428A.  This matter is before the Court on Yaritz's objection to the April 26, 2023, Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois.  Judge Brisbois recommends dismissing Yaritz's complaint for failure to state a claim.  *See* 28 U.S.C. § 1915A(b)(1).  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Yaritz's objection and adopts the R&R.

The Court agrees with Judge Brisbois that Yaritz cannot bring a claim against the Internal Revenue Service ("IRS") under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown*

*Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994) (*Bivens* actions may only be brought against individuals, not against federal agencies).  The Court further agrees that Yaritz has failed to state a claim against Michael Galler, an employee of the IRS.  To begin with, Yaritz does not specify the capacity in which he is suing Galler, which means that he is deemed to be suing Galler in Galler's official capacity.  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (unless the plaintiff clearly pleads that he is suing an official in his individual capacity, the official is presumed to be sued in his official capacity only).  Yaritz's claim against Galler fails for that reason alone.  *Alexander v. Hedback*, 718 F.3d 762, 766 (8th Cir. 2013) (a suit against a public employee in his official capacity is simply a suit against the official's employer).

Setting that aside, Yaritz has failed to plead any constitutional violation by Galler.  In his objection, Yaritz seems to contend that the IRS violated his right to equal protection.  ECF No. 7 at 1; *see United States v. Windsor*, 570 U.S. 744, 774 (2013) ("The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws.").  Yaritz has not pleaded any plausible intent to discriminate, however.  *Robbins v. Becker*, 794 F.3d 988, 995 (8th Cir. 2015) (equal-protection claims require a showing of intentional discrimination).

At most, Yaritz seems to imply that the IRS is refusing to issue his EIPs because he is incarcerated. But Yaritz states that the IRS has issued EIPs to most prisoners; indeed, Yaritz himself received the third congressionally authorized EIP. *See* ECF No. 7 at 1 ("Plaintiff knows of only three other prisoners who did no[t] receive the first two EIP's"); ECF No. 4 at 1–2 ("most of the prisoners . . . with whom Plaintiff associated with had received all of their EIP payments"); ECF No. 1-1 at 15 (stating that he received the third EIP). "[R]andom government incompetence" is not an equal-protection violation. *Batra v. Bd. of Regents of Univ. of Neb.*, 79 F.3d 717, 722 (8th Cir. 1996).

Finally, the Court agrees that Yaritz has failed to plead any claim against Metabank. To begin with, it does not appear that the Court would have original jurisdiction over any such claim. Yaritz does not identify any federal law that Metabank may have violated. As for potential state-law claims, Yaritz has not pleaded Metabank's citizenship and his claim of tens or hundreds of thousands of dollars in lost profits flowing from the failure to pay him $1,800 in EIPs is patently ridiculous and insufficient to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1332(a) (to invoke diversity jurisdiction, the amount in controversy must exceed $75,000); *cf. Penrod v. K&N Eng'g, Inc.*, 14 F.4th 671, 674 (8th Cir. 2021) (affirming dismissal where plaintiffs failed to plausibly plead the requisite amount in controversy). Indeed, Yaritz himself

characterizes his claim for lost royalties on a book he plans to publish as "speculative." ECF No. 7 at 3.

Setting that aside, Yaritz appears to contend that Metabank is liable because, after Yaritz's debit card was sent to Metabank, Metabank failed to issue him a check.[1] ECF No. 7 at 2.  Yaritz does not allege any facts showing that Metabank had a legal obligation to issue him a check, however.  To the contrary, an exhibit Yaritz attached to his complaint indicates that, after receiving the debit card, Metabank would return the funds to the IRS, and the IRS (not Metabank) would then issue a check to the taxpayer. ECF No. 1-1 at 14.  To the extent Yaritz may be claiming that Metabank failed to return the funds to the IRS, he has failed to plausibly plead that fact, and has also failed to identify any cause of action that would arise out of any such failure.  The Court therefore overrules Yaritz's objection, adopts the R&R, and dismisses Yaritz's complaint without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 6] is ADOPTED.

---

[1] As explained in the R&R, prisoners were initially issued their EIPs in the form of debit cards.  As the Minnesota Department of Corrections could not process the cards, prisoners were offered the option to send the cards to Metabank.

2. Plaintiff's objection [ECF No. 7] is OVERRULED.

3. Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

4. Plaintiff's motion to hold IRS accountable [ECF No. 4] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 18, 2023                          s/Patrick J. Schiltz
                                                Patrick J. Schiltz, Chief Judge
                                                United States District Court